

FILED

FEB 18 2019

Clerk, U S District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| DARRIN LELAND REBER,<br><br>Petitioner,<br><br>vs.<br><br>PAT MCTIGHE,<br><br>Respondent. | Cause No. CV 19-199-M-DLC-KLD<br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

On November 11, 2019, Petitioner Darrin Leland Reber filed this action under 28 U.S.C. § 2254.[1] Pursuant to this Court's order, Reber filed an Amended Petition. (Doc. 4.) Reber is a state prisoner proceeding pro se challenging a 20-year sentence handed down in 2017, for conviction for Possession with Intent to Distribute in Montana's Fourth Judicial District, Missoula County. *Id.* at 2. For the reasons set forth below, Reber's petition should be dismissed.

## I.  28 U.S.C. § 2254 Petition

The Court is required to screen all actions brought by prisoners who seek relief. 28 U.S.C. § 1915(a). The Court must dismiss a habeas petition or portion thereof if the prisoner raises claims that are legally frivolous or fails to state a basis

---

[1] *See Houston v. Lack*, 487 U.S. 266 (1988) (pro se prisoner's document deemed filed at the time prisoner delivers it to prison authorities).

1

upon which relief may be granted. 28 U.S.C. § 1915A(b)(1), (2). The Court must dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 Governing Section 2254 Cases. Because Reber's claims are unexhausted, his petition should be dismissed without prejudice.

## I. Procedural History/Reber's Claims

Reber was charged in the Fourth Judicial District with various drug offenses in two separate cases.[2] In June of 2017, Reber entered nolo contendre pleas to three counts of Criminal Possession with Intent to Distribute, reserving his right to appeal the denial of his pretrial motions to dismiss.[3] On July 11, 2017, Reber received a 20-year commitment to the Montana Department of Corrections, with 15 of the years suspended. *Id.* Reber timely filed notices of appeal in both of the criminal cases. See, *State v. Reber*, Cause No. DA 17-0577, Not. (filed Sept. 29, 2017); *State v. Reber*, Cause No. DA 17-0578, Not. (filed Sept. 29, 2017).[4]

Ultimately, appellate counsel filed a consolidated motion to withdraw and brief in support in both matters, pursuant to *Anders v. California*, 386 U.S. 738

---

[2] The underlying criminal cases were Cause No. DC 17-202 and Cause No. DC-16-548.
[3] See e.g., *State v. Reber*, Cause No. DA 17-0578, *Anders* Br. at 3 (filed Oct. 1, 2018). at 3.
[4] All state court briefing and orders available at: https://appecm.mt.gov/PerceptiveJUDDocket/ (accessed February 13, 2020).

2

(1967). See e.g., *State v. Reber*, Cause No. DA 17-0578, *Anders* Br. (filed Oct. 1, 2018). Appellate counsel's motion to withdraw was granted and Reber was allowed to proceed with the appeal on his own behalf. See, *State v. Reber*, Cause No. DA 17-0578, Or. at 1 (Mont. Oct. 19, 2018). But because Reber failed to file his opening brief, both of his appeals were dismissed. (Doc. 4 at 2, ¶ 8.)

By Reber's own admission, he did not seek relief with the Sentence Review Division, nor did he file a petition for postconviction relief or a state habeas corpus petition. *Id.* at 2-3. Reber explains that he has chosen not to seek collateral relief because he does not feel that the Montana Supreme Court "will act fairly towards him." *Id.* at 3, ¶ 13.

Reber makes the following claims: (1) there is no valid contract to keep him in captivity, *id.* at 3, ¶ 15(A); (2) he has not committed a crime nor has he "knowingly or willfully injured another soul," *id.* at 4, ¶ 15(B); (3) the Fourth Judicial District Court is a "legislative court" and, therefore, lacks jurisdiction over him, *id.* at 5, ¶ 15(C ); (4) the State of Montana is a civilly dead entity and lacks standing, id. at 6, ¶ 15(D); (5) he is not the fictionally and fraudulently created entity named DARRIN LELAN REBER, *id.* at 8; (6) the State of Montana is an artificial entity having jurisdiction only over its employees but not over men, *id.* at 9; and, (7) the State of Montana's "rules, codes, and statutes" do not apply to Reber, a living man. *Id.* at 10. Reber asks this Court to grant habeas relief and

3

dismiss the underlying cases that have created his illegal incarceration. *Id.* at 7, ¶ 18.

## II. Analysis

A state prisoner must exhaust his state court remedies before petitioning for a writ of habeas corpus in federal court. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). Federal courts may not grant a writ of habeas corpus brought by an individual in custody pursuant to a state court judgment unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. §2254(b)(1)(A). "The exhaustion-of-state-remedies doctrine, now codified at 28 U.S.C. §§ 2254(b) and (c), reflects a policy of federal-state comity, an accommodation of our federal system designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks and citation omitted).

To meet the exhaustion requirement, a petitioner must (1) use the "remedies available," § 2254(b)(1)(A), through the state's established procedures for appellate review, *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); (2) describe "the federal legal theory on which his claim is based," *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008); and (3) describe "the operative facts . . . necessary to give application to the constitutional principle upon which the petitioner relies," *id.* See also *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996). A petitioner must meet

4

all three prongs of the test in one proceeding. "Mere 'general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial,' do not establish exhaustion." *Castillo v. McFadden*, 399 F. 3d 993, 999, cert. denied, 546 U.S. 818 (2005).

In the present case, the Montana Supreme Court has never considered the claims Reber attempts to advance. As set forth above, Reber did not obtain direct review because he neglected to file his opening brief. Additionally, he has not sought collateral review, including postconviction relief or a state petition for habeas corpus relief.[5] While the Court is not commenting on the potential merit of any of Reber's claims, before he can file a federal habeas petition, he must give the state courts one full opportunity to review his constitutional claims. *O'Sullivan*, 526 U.S. at 845. Because Reber has not yet exhausted his available state court remedies, this Court cannot review the claim. *See Rose v. Lundy*, 455 U.S. 509 (1982). Dismissal should be **without prejudice**, allowing Reber to return to this Court if and when he fully exhausts the claims relative to his current custody.

### III. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254

---

[5] But Reber may still have time to seek collateral relief. See e.g., Mont. Code Ann. § 46-21-102, requiring a petition for postconviction relief be filed within 1-year of a conviction becoming final.

Proceedings. A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 132 S. Ct. 641, 648 (2012) (quoting *Slack*, 529 U.S. at 484).

Reber has not made a substantial showing that he was deprived of a constitutional right. Further, because his petition is unexhausted, there are no close questions and reasonable jurists would find no basis to encourage further proceedings in this Court. A certificate of appealability should be denied.

Based on the foregoing, the Court enters the following:

## RECOMMENDATION

1. Reber's Amended Petition (Doc. 4) should be DISMISSED **without prejudice** as unexhausted.

2. The Clerk of Court should be directed to enter judgment of dismissal.

3. A certificate of appealability should be DENIED.

## NOTICE OF RIGHT TO OBJECT
## TO FINDINGS & RECOMMENDATION
## AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Reber may object to this Findings and Recommendation within 14 days.[6] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Mr. Reber must immediately notify the Court of any change in his mailing address.</u> Failure to do so may result in dismissal of his case without notice to him.

DATED this 18th day of February, 2020.

Kathleen L. DeSoto
United States Magistrate Judge

---

[6] Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)." Therefore, since Reber is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.