IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| DARRIN LELAND REBER,<br><br>Petitioner,<br><br>vs.<br><br>PAT MCTIGHE,<br><br>Respondent. | CV 19–199–M–DLC–KLD<br><br><br>ORDER |

On February 18, 2020, United States Magistrate Judge Kathleen L. DeSoto entered her Findings and Recommendations recommending that Montana state prisoner Darrin Leland Reber's 28 U.S.C. § 2254 petition be dismissed without prejudice for failure to exhaust his state remedies. (Doc. 6.) Reber timely objects and so is entitled to de novo review of those findings to which he specifically objects. 28 U.S.C. § 636(b)(1)(C). This Court reviews for clear error those findings to which no party objects. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003); *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000) (citations omitted).

In his objections, Reber claims that "President Donald Trump has signed an Executive Order that states an individual does not have to exhaust one's state court

remedies first if they feel they are not being treated fairly in the STATE courts." (Doc. 7 at 1 (emphasis in original).) The Court is not aware of such an Executive Order and, in any case, it is unlikely the President would have the authority to override Congress's statutory exhaustion requirements. 28 U.S.C. § 2254(b)(1); *Felker v. Turpin*, 518 U.S. 651, 663–64 (1996).

In Reber's supplement to his objections, he advances more of the same legal theories that Judge DeSoto found were not exhausted. (Doc. 8.) Nothing in Reber's supplement changes the fact that Reber's petition fails for lack of exhaustion. For this reason, his motion for summary judgment will be denied as well. (Doc. 9.) Because jurists of reason could not disagree, Reber will be denied a certificate of appealability.

IT IS ORDERED that Judge DeSoto's Findings and Recommendations (Doc. 6) is ADOPTED in full.

1. Reber's Amended Petition (Doc. 4) is DISMISSED without prejudice as unexhausted.

2. Reber's Motion for Summary Judgment (Doc. 9) is DENIED.

3. The Clerk of Court is directed to enter judgment of dismissal.

4. A certificate of appealability is DENIED.

DATED this 22nd day of April, 2020.

_____
Dana L. Christensen, District Judge
United States District Court